Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosengarten, J.), rendered November 19, 2001, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, promoting prostitution in the second degree, and promoting prostitution in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, questions and remarks by the prosecutor during voir dire, opening, and cross-examination were fair comment on the evidence, or within the bounds of permissible rhetoric (*see People v Adamo,* 309 AD2d 808 [2003]; *People v Mejias,* 296 AD2d 583 [2002]; *People v Vasquez,* 287 AD2d 584 [2001]; *People v Etoria,* 266 AD2d 559 [1999]).

While the prosecutor's references to religion during summation were improper, they were harmless in light of the overwhelming proof of the defendant's guilt (*see People v Crimmins,* 36 NY2d 230 [1975]; *People v Ivory,* 307 AD2d 1000 [2003], *lv denied* 100 NY2d 643 [2003]; *People v Anderson,* 304 AD2d 450 [2003], *lv denied* 100 NY2d 592 [2003]; *People v Taylor,* 162 AD2d 175 [1990]). Contrary to the defendant's contention on appeal, the remainder of the prosecutor's comments on summation were fair comment on the evidence or within the bounds of permissible rhetoric. Florio, J.P., Smith, Luciano and Rivera, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEENAN LEUNG, Appellant. [770 NYS2d 660]—Appeal by the defendant from an order of the Supreme Court, Kings County (Marrus, J.), dated September 28, 2001, which denied, without a hearing, his motion pursuant to CPL 440.30 (1-a) for forensic DNA testing of certain evidence recovered by the police.

Ordered that the order is affirmed.

Under the circumstances of this case, the Supreme Court properly denied, without a hearing, the defendant's motion pursuant to CPL 440.30 (1-a) for forensic DNA testing of certain evidence recovered by the police (*see People v McCloud,* 303 AD2d 604 [2003], *lv denied* 100 NY2d 584 [2003]; *People v Logan,* 291 AD2d 459 [2002]). Florio, J.P., H. Miller, Schmidt and Crane, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN LEUNG, Appellant. [770 NYS2d 660]—Appeal by the defen-

dant from an order of the Supreme Court, Kings County (Marrus, J.), dated June 6, 2000, which denied, without a hearing, his motion pursuant to CPL 440.30 (1-a) for forensic DNA testing of certain evidence recovered by the police.

Ordered that the order is affirmed.

Under the circumstances of this case, the Supreme Court properly denied, without a hearing, the defendant's motion pursuant to CPL 440.30 (1-a) for forensic DNA testing of certain evidence recovered by the police (*see People v McCloud,* 303 AD2d 604 [2003], *lv denied* 100 NY2d 584 [2003]; *People v Logan,* 291 AD2d 459 [2002]). Florio, J.P., H. Miller, Schmidt and Crane, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MARTINEZ, Appellant. [770 NYS2d 656]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated June 9, 1986 (*People v Martinez,* 121 AD2d 475 [1986]), affirming a judgment of the Supreme Court, Queens County, rendered October 24, 1984.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes,* 463 US 745 [1983]). Ritter, J.P., Santucci, Altman and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIEN D. MAZYCK, Appellant. [770 NYS2d 656]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered November 14, 2001, convicting him of criminally negligent homicide, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Williams,* 84 NY2d 925 [1994]; *People v Hawkins-Rusch,* 212 AD2d 961 [1995]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).